UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                              CASE NO. 15-cr-20213

v.                                           HON. GERSHWIN A. DRAIN

JAMES DEMARCO WASHINGTON,

       Defendant.
_____/

## **PRELIMINARY ORDER OF FORFEITURE**

An Indictment was filed on or about April 7, 2015, which charged JAMES DEMARCO WASHINGTON ("Defendant") with violating 21 U.S.C. § 841(a)(1) (Counts One and Two).

The Indictment contains Forfeiture Allegations providing notice that upon conviction, pursuant to 21 U.S.C. § 853, the United States intends to seek forfeiture of any property constituting, or derived from, proceeds obtained as a result of Defendant's Title 21 violations, and any property used or intended to be used to commit such offenses including, but not limited to:

- one Ruger Pistol, model P90DC, SN 660-12763;
- one Romarm/Cugir assault rifle, model GP WASR-10/63, SN 1967AG3212; and
- one Springfield 9mm handgun, model XD9, SN XD203499

hereinafter referred to as ("Subject Firearms").

On or about September 8, 2015, Defendant pled guilty to Counts One and Two of the Indictment and agreed to forfeit the Subject Firearms pursuant to 21 U.S.C. § 853.

**NOW, THEREFORE**, pursuant to Federal Rule of Criminal Procedure 32.2 and 21 U.S.C. § 853, based upon the Indictment, Defendant's Rule 11 Plea Agreement and guilty plea, and all the information contained in the record, **IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT**:

1. Any and all right, title and interest of Defendant in the Subject Firearms **IS HEREBY FORFEITED** to the United States for disposition in accordance with law, and any right, title or interest of Defendant and any right, title or interest that his heirs, successors or assigns, have or may have in said Subject Firearms **IS HEREBY AND FOREVER EXTINGUISHED.**

2. The Subject Firearms are subject to forfeiture pursuant to 21 U.S.C. § 853 and the requisite nexus exists between the offenses of conviction and the Subject Firearms.

3. Upon entry of this Order, the government is authorized, pursuant to Fed.R.Crim.P. 32.2(b)(2) and (3), to seize any property identified above which is not currently in its custody or control, to conduct any discovery that the Court considers proper to help identify, locate, or

dispose of any property seized, and the United States is authorized to begin proceedings consistent with applicable statutory requirements pertaining to ancillary hearings and the rights of any third parties.

4. The United States shall publish notice on www.forfeiture.gov of this preliminary forfeiture order and of its intent to dispose of the Subject Firearms in such manner as the Attorney General may direct, pursuant to 21 U.S.C. § 853(n). Said notice shall direct that any person, other than the Defendant, asserting a legal interest in the Subject Firearms may file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier. The petition shall be for a hearing before the Court alone, without a jury and in accordance with 21 U.S.C. § 853(n), to adjudicate the validity of the petitioner's alleged interest in the Subject Firearms. The petition must be signed by the petitioner under penalty of perjury and must set forth the nature and extent of the petitioner's alleged right, title or interest in the Subject Firearms, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Subject Firearms, any additional facts supporting the petitioner's claim, and the relief sought. The United States may also, to the extent practicable, provide direct written

notice to any person or entity known to have an alleged interest in the Subject Firearms.

5. Following the Court's disposition of any petitions for ancillary hearing, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n) (2) for the filing of third party petitions, the United States shall have clear title to the Subject Firearms and shall be authorized to dispose of the Subject Firearms as prescribed by law.

6. Pursuant to Federal Rule of Criminal Procedure 32.2(b) (4) (A), this Preliminary Order of Forfeiture shall become final as to Defendant at the time he is sentenced and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture as provided under Federal Rule of Criminal Procedure 32.2(c)(2).

7. The Court shall retain jurisdiction to enforce this Order and to amend it as necessary pursuant to Federal Rule of Criminal Procedure 32.2(e).

**IT IS SO ORDERED.**

Dated: September 29, 2015  /s/Gershwin A Drain
HONORABLE GERSHWIN A. DRAIN
United States District Court Judge